

**In the
Court of Appeals
Second Appellate District of Texas
at Fort Worth**

_____

No. 02-24-00387-CR
No. 02-24-00388-CR

_____

TYREK DYSHELL CANADA, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court Nos. 1773662, 1782048

_____

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant Tyrek Dyshell Canada appeals two cases in which the trial court revoked his deferred-adjudication community supervision and sentenced him to terms of imprisonment. On appeal, Canada's court-appointed counsel has filed a motion to withdraw and a brief in support of that motion in which he asserts that Canada's appeals are frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). We agree, grant counsel's motion to withdraw, and affirm the trial court's judgments.

## I. Background

In March 2024, in trial court cause number 1773662 (appellate cause number 02-24-00387-CR), Canada pleaded guilty to continuous violence against a family member, a third-degree felony, and true to one enhancement paragraph and was placed on deferred-adjudication community supervision for thirty-six months. *See* Tex. Penal Code Ann. §§ 12.33 ("Second Degree Felony Punishment"), 12.42(a) ("Penalties for Repeat and Habitual Felony Offenders on Trial for First, Second, or Third Degree Felony"), 25.11(e) ("Continuous Violence Against the Family").

Also in March 2024, in trial court cause number 1782048 (appellate court cause number 02-24-00388-CR), Canada pleaded guilty to possessing a controlled substance—tetrahydrocannabinol other than marijuana—of one gram or more but less than four grams, a third-degree felony, and true to one enhancement paragraph and was placed on deferred-adjudication community supervision for twenty-four

2

months. *See* Tex. Health & Safety Code Ann. §§ 481.103(a)(1) ("Penalty Group 2"), 481.116(c) ("Offense: Possession of Substance in Penalty Group 2"); Tex. Penal Code Ann. §§ 12.33 ("Second Degree Felony Punishment"), 12.42(a) ("Penalties for Repeat and Habitual Felony Offenders on Trial for First, Second, or Third Degree Felony").

Then, in April 2024, in both cases, the State filed a petition to proceed to adjudication. In May 2024, the State filed first amended petitions to proceed to adjudication, and in August 2024, it filed second amended petitions to proceed to adjudication. In both second amended petitions, the State alleged that Canada had violated the same five conditions of community supervision.

Shortly thereafter, in October 2024, the trial court heard both cases. The State waived one of the five allegations, Canada pleaded true to two allegations, and he pleaded not true to the remaining two allegations. After hearing the evidence, the trial court found all four allegations true, adjudicated Canada guilty, and, for both offenses, sentenced him to nineteen years and eleven months in prison.

Regarding costs, the judgment in the possession case reflects $290 in court costs, but it also shows that the trial court credited that amount for time served.[1] The judgment in the continuous family violence case reflects no fines or court costs. *See* Tex. Code Crim. Proc. Ann. art. 102.073(a) ("In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same

---

[1]The judgment for the possession case shows that Canada was credited with 189 days served in the county jail.

3

offense, the court may assess each court cost or fee only once against the defendant."). Canada thus does not owe any court costs.

## II. *Anders* Discussion

Canada's appointed appellate counsel has filed a motion to withdraw and a brief complying with *Anders* in which he asserts that Canada's appeals are frivolous because the cases reveal "no grounds that could be argued non-frivolously on appeal." *See* 386 U.S. at 744–45, 87 S. Ct. at 1400. In accordance with *Kelly v. State*, counsel sent Canada copies of the motion to withdraw and brief; informed him of his right to file a pro se response, to review the record, and to seek discretionary review pro se should this court deny relief; and provided him with a pro se motion to access the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

Counsel's motion and brief meet the requirements of *Anders* by presenting a professional evaluation of the record showing why there are no arguable grounds for relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). This court gave Canada the opportunity to file a pro se response to counsel's *Anders* brief, but he did not do so. The State filed a letter in which it agreed with appointed counsel that the appeals are frivolous.

After an appellant's court-appointed attorney files a motion to withdraw and a brief fulfilling the *Anders* requirements, we must independently examine the record for any arguable ground that may be raised on the appellant's behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only after examining the record and

4

independently concluding that no arguable ground may be raised may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Here, we find nothing in the record that might arguably support the appeals; we agree with counsel that these appeals are wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

## III. Conclusion

We accordingly grant counsel's motion to withdraw and affirm the trial court's judgments.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 5, 2025